| | |
|---|---|
| **CITY OF CABOOL, MISSOURI** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| **DAIRY FARMERS OF AMERICA, INC.,** ) | |
| ) | |
| **Registered Agent:  CSC-Lawyers** ) | |
|     **Incorporating Service Co.** ) | |
|     **221 Bolivar** ) | |
|     **Jefferson City, MO 65101** ) | |
| ) | |
|     **and** ) | |
| ) | |
|     **Mr. Jeff Inman** ) | |
|     **Chief Operating Officer** ) | |
|     **Dairy Farmers of America, Inc.** ) | |
|     **950 Metrecal Trace Street** ) | |
|     **Cabool, Missouri 65689** ) | |
| ) | |
|     **Defendant.** ) | |

## COMPLAINT

**COMES NOW** the City of Cabool, a 4th class City in the State of Missouri, by its governing body composed of Mayor Danny Cannon, Alderman John Mark Hale, Alderman Sam Mudd, Alderman John Williams, and Alderman Brad Roberts, and through its counsels Ivan L. Schraeder of the Schraeder Law Firm and Thomas E. Loraine of Loraine & Associates, and files this Complaint against Dairy Farmers of America, Inc., by stating as follows:

### PARTIES, STANDING, AND JURISDICTION

1. The City of Cabool, Missouri (hereafter referred to as "City") is a 4th class City organized under the laws of the state of Missouri.

2. The City is governed by a Mayor and Board of Aldermen composed of the duly elected officials identified as Mayor Danny Cannon, Alderman John Mark Hale, Alderman Sam

Mudd, Alderman John Williams, Alderman Brad Roberts (hereafter collectively referred to as the "Board"). Section 79.110 RSMo authorizes the Mayor and Board to bring suit on behalf of the City.

3. The City has standing under Article III of the United States Constitution in that the City has suffered an injury because Defendant's actions have forced the City to needlessly invest millions into wastewater treatment technology. This injury has been caused by Defendant Dairy Farmers of America, Inc. and is fairly traceable to their conduct. This injury is redressable by the court as damages can be awarded to the City.

4. The City owns and operates a properly licensed wastewater treatment facility (hereafter referred to as the "Facility") under the regulation of the Missouri Department of Natural Resources.

5. The City's permit to operate the Facility is current. See Exhibit A to this Complaint attached hereto and made a part hereof.

6. Defendant Dairy Farmers of America, Inc., is a foreign organization authorized to do business in the State of Missouri (hereafter referred to as "DFA") which operates a dairy plant containing a wastewater treatment unit located at 950 Metrecal Trace Street in the City of Cabool, Missouri in Texas County, Missouri.

7. Defendant DFA is headquartered in Kansas City, Kansas.

8. This Court has subject matter jurisdiction over the claims specified in this complaint pursuant to the Clean Water Act's (hereafter referred to as "CWA") citizen suit provision, 33 U.S.C. § 1365 (a) (1) and 28 U.S.C.§ 1331.

9. The relief requested is authorized by 33 U.S.C. § 1365 (a) and 1319, and 28 U.S.C. § 2201 and 2202.

10. Pursuant to Section 505 (c) (1) of the CWA, 33 U.S.C. § 1365 (c) (1), venue lies in the Central Division of the United States District Court for the Western District of Missouri, because Defendant's property from which the unlawful discharge occurs lies within this District.

11. As required by 33 U.S.C. § 1365 (b) (1) (A) and 40 C.F.R. §135.2, Plaintiff gave notice of the violation alleged in this complaint and of Plaintiff's intent to file suit to address those violations to Defendant by letter dated August 29, 2019 (hereafter referred to as "Notice Letter"). Plaintiff also gave notice to the Administrator of the United States Environmental Protection Agency (hereafter referred to as "USEPA"); the Regional Administrator of the USEPA; and the Secretary of the Missouri Department of Natural Resources (hereafter referred to as "MODNR"). A true and correct copy of the Notice Letter is attached to this Complaint as Exhibit C.

12. To Plaintiff's knowledge, neither USEPA nor the State of Missouri has commenced or is diligently prosecuting a civil or criminal action against Defendant to abate the statutory, regulatory, or permit violations that form the basis for this complaint.

## INTRODUCTION

13. Plaintiff files this civil action pursuant to the citizen suit provision of the Federal Water Pollution Act, commonly known as the Clean Water Act (hereafter referred to as "CWA"), 33 U.S.C. §§ et seq., to abate numerous ongoing violations of the CWA caused by Defendant DFA, including DFA's unlawful discharge of pollutants to waters of the United States without a discharge permit issued under the CWA.

14. DFA has violated and continues to violate the CWA at its property located in Cabool, Missouri. Since at least February 12, 2018, DFA has unlawfully discharged toxic pollutants into the City's Facility and subsequently, into the surface waters that are tributary to a

stream known as "Big Piney River" without complying with the explicit permitting and notification and other substantive requirements of the CWA.

15. Defendant DFA's ongoing violations of the CWA have caused and, unless abated, will continue to cause harm to a stream known as "Big Piney River" in Texas County, Missouri, and have added and continue to add to existing pollutant levels in those surface waters.

16. Plaintiff seeks a declaratory judgment, injunctive relief, remedial relief for expenses of the City, the imposition of civil penalties, and the award of costs, including attorney and expert witness fees.

## LEGAL BACKGROUND

17. Congress passed the Clean Water Act in 1972 to "restore and maintain the chemical, physical, and biological integrity of the nation's waters." CWA § 101 (a), 33 U.S.C. §1251 (a). In the CWA Congress set a national goal of eliminating "the discharge of pollutants into navigable waters: by 1985." *Id.* To advance this goal the CWA provides a comprehensive approach for the regulation of pollution discharges to waters of the United States.

18. Section 301 (a) of the CWA prohibits the "discharge of any pollutant by any person" unless such discharge is in compliance with the substantive requirements of the CWA, including the requirement to obtain a permit issued under Section 402 (33 U.S.C. § 1342) or 404 (33 U.S.C. § 1344) of the CWA. 33 U.S.C. §1311 (a).

19. The "discharge of any pollutant" means "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362 (12) (A). The term "point source" is further defined to mean "any discernable, confined and discrete conveyance, including but not limited to any … channel … [or] conduit … from which pollutants are or may be discharged." 33 U.S.C. § 1362 (14).

20. The centerpiece of the CWA's regulatory programs is the National Pollutant

4 | P a g e

Case 6:20-cv-03003-BP   Document 1   Filed 01/02/20   Page 4 of 13

Discharge Elimination System (hereafter referred to as "NPDES"), which authorizes USEPA to issue discharge permits to persons seeking to discharge pollutants into waters of the United States. CWA § 402, 33 U.S.C. § 1342. NPDES Permits may only be issued upon condition that the permitted discharge will comply with all applicable CWA regulatory requirements, including compliance with effluent limitations and water quality standards established under Section 301. CWA § 402 (a) (1), 33 U.S.C. § 1342 (a) (1).

21. Under Section 402 (b)-(c) of the CWA, 33 U.S.C. § 1342 (b)-(c), USEPA may delegate its NPDES permit authority to States that have a USEPA-approved permit program. Authority to issue NPDES permits in Missouri has been delegated by USEPA to the MODNR, pursuant to CWA § 402 (b), 33 U.S.C. § 1342 (b). Under this delegation authority and authority of State law, MODNR operates the NPDES permitting program within Missouri but calls it the Missouri Pollutant Discharge Elimination System (hereafter referred to as "MPDES"). See Revised Statutes of Missouri § 644 *et. seq*.

22. State NPDES programs must be operated at all times, "in accordance with" the substantive NPDES requirements of Section 402 of the CWA, and the guidelines for monitoring, reporting, enforcement, funding, personnel, and manpower established by USEPA under Section 304 (i) of the CWA. 33 U.S.C. § 1342 (c) (2).

23. Congress also provided for the enforcement of certain CWA requirements by citizens. The CWA's citizen suit provision § 505 states that "any citizen may commence a civil action on his own behalf …against any person…who is alleged to be in violation of (A) an effluent standard or limitation under . . ." the CWA. 33 U.S.C. § 1365 (a) (1). The discharge of pollutants without an NPDES permit, or, in Missouri, a MPDES permit, is a violation of Section 301 (a) of the CWA, and therefore is among the enumerated CWA violations that fall within the scope of the citizen suit provision. 33 U.S.C. § 1365 (f) (1).

24. The CWA's citizen suit provision authorizes the district courts to enforce the application effluent standards and limitations; to apply civil penalties, as appropriate; and to award litigation costs including attorney fees to prevailing or substantially prevailing parties. 33 U.S.C. § 1365 (a) and (d) to wit the City of Cabool, Missouri.

**FACTUAL BACKGROUND**

25. Defendant DFA operates a dairy plant located at 950 Metrecal Trace Street in Cabool, Missouri in Texas County, Missouri.

26. DFA is permitted by the Missouri Department of Natural Resources to operate a wastewater treatment plant pursuant to the Missouri Clean Water Commission regulations, which current permit is effective from February 1, 2017 through December 31, 2021. See Exhibit B to this Complaint attached hereto and made a part hereof.

27. Plaintiff City is located in Texas County, Missouri.

28. DFA is located in Texas County, Missouri and operates its plant facilities at 950 Metrecal Trace Street in Cabool, Missouri in Texas County, Missouri.

29. All of the complained of acts take place in the City of Cabool, Missouri in Texas County, Missouri.

30. The City is located in the Central Division of the United States District Court for the Western District of Missouri.

31. Federal and State regulations governing the operation of the DFA wastewater processing unit set the statutory and regulatory standards for which DFA is permitted to operate.

32. In operating its wastewater treatment unit, DFA has discharged untreated or inadequately pre-treated waste materials into the City's wastewater system on numerous occasions, and on such dates noted as: February 12, 2018, February 23, 2018, March 22, 2018, April 9, 2018, April 13, 2018, April 24, 2018, April 29, 2018, May 1, 2018, May 10, 2018, May

15, 2018, June 11, 2018, August 2, 2018, October 1, 2018, October 2, 2018, February 6, 2019, February 8, 2019, February 13, 2019, February 14, 2019, June 13, 2019, June 14, 2019, June 28, 2019, July 12, 2019, July 16, 2019, July 26, 2019, August 20, 2019, and August 21, 2019.

33. The standards for operation under DFA's permit from MODNR establish a statutory legal duty of DFA to operate its wastewater facilities in such a way as not to cause injury to any person. See Exhibit B attached to this Complaint and made a part hereof.

34. DFA is required as a part of its operating permit to pre-treat any waste materials that it discharges into the City's Facility.

35. DFA owes a statutory duty to the City to comply with its permit requirements before discharging its waste materials into the City's Facility.

36. DFA's discharge of its waste materials into the City's Facility has caused and continues to cause significant injury to the City.

37. City officials and its contract professionals met with DFA officials including Chief Operating Officer Jeff Inman on several occasions to identify DFA's discharge of the untreated or inadequately pretreated waste materials and to identify the damages that the City Facility was suffering as a direct result of DFA's continuing discharge of the untreated or inadequately pretreated waste materials.

38. DFA continued to discharge the untreated or inadequately pretreated waste materials after the City officials identified the damages that the City Facility was suffering.

39. The City had its wastewater from the DFA discharges tested each time that the City's Facility operator and/or contractor detected the discharge of the untreated or inadequately pretreated waste materials from DFA.

40. DFA was found to be in violation of its permit in the discharge of the untreated or inadequately pretreated waste materials on or about July 31, 2019 after a MODNR inspection

conducted on July 16, 2019. See Exhibit D to this Complaint attached hereto and made a part hereof.

41. DFA's actions are negligent, willful, wanton and in complete disregard for and in direct contravention of its operating permit and the applicable governing laws establishing a statutory duty.

42. The City is a known and disclosed entity who is and will continue to be injured by DFA actions in discharging untreated or inadequately pretreated wastewater from its plant. The MODNR report identified the City specifically as a person to be protected from the DFA waste materials discharges under the DFA permit. See Exhibit D attached hereto and made a part hereof.

43. DFA's actions continue up to this date and are in direct disregard to the City provided information and reporting of the discharge of the untreated or inadequately pretreated waste materials.

44. DFA's continued discharge of the untreated or inadequately pretreated waste materials has presented a critical challenge to the continued operation of the City's Facility.

45. The City has had to invest in expensive mitigation technology and equipment to combat the significant discharge of the untreated or inadequately pretreated waste materials by DFA so as to preserve the City Facility's capability to operate.

46. On some occasions, the discharge of the untreated or inadequately pretreated waste materials by DFA may cause the City to violate its operating permits and discharge waste materials into waterways of the United States.

47. The City has had to expend $400,000.00 to date to protect its wastewater Facility from the contamination created by the DFA discharges of the untreated or inadequately pretreated waste materials.

48. The City is presently expending over $1,800.00 per day in order to keep the City's Facility operating. This expenditure is not sustainable.

49. The City has expended an additional $800,000.00 to rehabilitate its Facility as a result of the DFA discharges of untreated or inadequately pretreated waste as listed above.

50. As the Chief Operating Officer of the DFA plant located in Cabool, Missouri, Jeff Inman is responsible for the overall operations of the plant, including the wastewater unit of the plant.

51. DFA has failed to correct the numerous improper discharges of untreated or inadequately pretreated waste materials from DFA after learning of the violations.

52. It is the City's belief and understanding that Inman failed to notify superiors at DFA of the numerous discharges of untreated or inadequately pretreated waste materials from DFA into the City's Facility.

53. Inman has engaged in intentional conduct to cover up and conceal numerous discharges of untreated or inadequately pretreated waste materials from DFA in violation of State and Federal law relating to the treatment of waste products.

54. These discharges from DFA have adversely affected the Facility of the City.

## COUNT I – INJUNCTIVE RELIEF

55. The City restates and incorporates the facts set out in Para. 1 through 54 of the Complaint as its allegations of fact in Para. 55 of this Complaint as if fully restated herein.

56. Unless restrained, Defendant DFA will continue to discharge untreated or inadequately pretreated waste materials from the DFA plant located at 950 Metrecal Trace Street in Cabool, Missouri in Texas County, Missouri into the City's Facility.

57. Such action by Defendants will cause immediate and irreparable injury including economic damage in the form of the continued operation of the technology and equipment

acquired to combat the impact to the City's wastewater facility, and may subject the City to civil and criminal penalties in violation of the National Water Pollution Discharge Mandate.

58. The City has no adequate remedy at law to prevent the aforementioned discharges of the waste prior to the disposition of the instant case.

**RELIEF REQUESTED FOR COUNT I**

**WHEREFORE**, Plaintiff City of Cabool respectfully request that this Court grant it the following relief:

A. A declaration that Defendant DFA violated and continues to violate the CWA as described above;

B. An injunction requiring the Defendant DFA to take all actions necessary to prevent future violations of the CWA, including the cessation of all discharges of pollutants unless authorized by an NPDES permit issued under Section 402 of the CWA and in compliance with applicable requirements under Section 301 of the CWA;

C. An order requiring Defendant DFA to remediate the harm caused by the CWA violations, to the extent possible;

D. An order requiring Defendant to pay civil penalties in the appropriate amount for each day that Defendant DFA violated the CWA;

E. An order requiring Defendant DFA to pay an appropriate sum for a Supplemental Environmental Project (hereafter referred to as "SEP") to benefit the water quality of Big Piney River and to further the economic, recreational, and aesthetic use of Big Piney River by the public;

F. An order requiring Defendant DFA to pay costs of litigation, including Plaintiff's reasonable attorney fees and expert witness fees, as provided by 33 U.S.C. § 1365 (d); and to reimburse the City for costs of mitigation of damages already incurred in the

amount of $1.2 million dollars.

G. Such other relief the Court may find just and proper.

## COUNT II – REQUEST FOR ATTORNEY FEES

59. The City restates and incorporates the facts set out in Para. 1 through 58 of the Complaint as its allegations of fact in Para. 59 of this Complaint as if fully restated herein.

60. Plaintiff was required to file this lawsuit because Defendant DFA refused and failed to correct the damages to the City's Facility.

61. Defendant DFA continually and intentionally failed to meet with Plaintiff City's representatives in order to discuss a proper and timely manner in which to correct the damages caused by DFA's violation of Federal and State law and its permit related to the treatment of wastewater before discharge to the City's Facility.

62. Defendant DFA's actions continued for well over eighteen (18) months causing significant repeated damage to Plaintiff's Facility.

63. Defendant DFA's actions continue causing significant repeated damage to Plaintiff's Facility up to and including the date of the filing of this lawsuit.

64. The City has had to redirect tax and other City revenues to address the damages to the City's wastewater treatment systems thereby interfering with the delivery of other City services to the citizens of the City.

65. The City has had to address the damages to the City's wastewater treatment systems in order to protect the health and safety of the citizens of the City.

66. Attorney fees would not have been necessary to be incurred and paid if Defendant DFA had acted responsibly to address and resolve the significant problems caused directly by Defendant DFA and its repeated and continued failures and refusals to correct the untreated or inadequately pretreated wastewater discharges into the City's Facility.

67. The unusual circumstances of the facts in this lawsuit present special circumstances under which the Court may award attorney fees outside of the limitations under the American Rule.

68. The actions of Defendant DFA has directly caused public revenues to be diverted from other services to the citizens of the City which demonstrates special circumstances to be considered by this Court for the award of attorney fees outside of the limitations under the American Rule.

69. This Court is permitted to award attorney fees based on the fact that the City bringing suit confers a benefit on an ascertainable class, the citizens of the City. See *Hall v. Cole*, 412 U.S. 1, 5 (1973), and under the provision of 33 USC §1365 (a) and (d).

## REQUESTED RELIEF FOR COUNT II

**WHEREFORE,** the City having shown that Defendant DFA has intentionally and with wanton and reckless disregard violated statutes and regulations, and having shown that the City has incurred significant amounts of attorney fees in the pursuit of this litigation in order to protect its properties and to protect the health and safety of its citizens and to remediate the damages caused by Defendant DFA, respectfully requests this Honorable Court to enter an award of reasonable attorney fees to recover the fees that the City has had to pay from the City's revenues, and for such other relief that is just and proper to correct the wrongful acts of Defendant DFA.

## CONCLUSION

**WHEREFORE,** the City respectfully request this Honorable Court to grant the relief requested in Count I and Count II of this Complaint and for any such other relief this Court finds proper and just.

Respectfully submitted by:

/s/ Thomas E. Loraine
Thomas E. Loraine, WD Bar No. 22206
Loraine & Associates, LLC
4075 Highway 54, Suite 300
Osage Beach, Missouri 65065
(573) 348-8909 FAX: (573) 348-8920
tellaw@loraineandassociates.com

AND

/s/ Ivan L. Schraeder
Ivan L. Schraeder, WD Bar No. 35383
Schraeder Law Firm
4579 Laclede Avenue, Suite 142
St. Louis, Missouri 63108
314.454.1500 *telephone*
314.454.0098 *facsimile*
ils@schraederlaw.com

ATTORNEYS FOR PLAINTIFF