**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CITY OF CABOOL, MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20-03003-CV-S-BP |
| | ) | |
| DAIRY FARMERS OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER**

The parties' Stipulated Motion for Protective Order, (Doc. 19), is **GRANTED** and the

Court **ORDERS** as follows:

1. **Protected Materials.** Material or information protected by this Order ("Protected

   Materials") shall consist of the following:

   a. documents containing trade secrets or financial, personnel or health records, the

   disclosure of which would or could adversely affect the commercial, financial, or business

   position or personal affairs of the producing party; and

   b. documents containing information protected from disclosure by federal and state laws

   as well as common law duties, including but not limited to personal information in

   personnel records

2. **Designating Materials as Confidential.**

   a. Any party may designate information or documents it produces or discloses as

   "confidential," including answers to interrogatories, responses to requests for

   admission, responses to requests for information or documents, deposition transcripts

   and exhibits, hearing testimony, or any other documents, materials, and information

1

(hereinafter collectively referred to as "Protected Materials") to the extent they contain, reveal, or relate to the information identified in Paragraph 1 of this Order.

b. At the time of production, a party may designate Protected Materials by conspicuously marking each page with the word "confidential."

c. Inadvertent failure to so designate Protected Materials prior to production will not prevent a subsequent confidentiality designation. A party who discovers it has inadvertently disclosed or produced Protected Materials must promptly notify the receiving party and describe the basis of the claim of confidentiality. If the party provides such notice and description, the protection is not waived, and the receiving party shall use its best efforts to retrieve any disclosure, dissemination, or use of such materials that occurred prior to designation. Any use of such documents prior to actual notice of designation as "confidential" is not a violation of this Order.

d. Deposition testimony may be designated as confidential:

    i. on the record at the deposition; or

    ii. after the deposition, by promptly notifying the parties and those who were present at the deposition.

3. **Who May Receive Protected Materials**.

a. Protected Materials shall not be disclosed in any manner, directly or indirectly, to any person other than "Qualified Persons" as defined in Paragraph 3.b.

b. "Qualified Persons" means:

    i. persons who appear on the face of the Protected Material as an author, addressee, or recipient of the Protected Material;

ii. any deponent in the course of the deponent's deposition testimony;

iii. any witness called to testify at trial in the course of the witness's trial testimony;

iv. attorneys of record and employees of such attorneys whose access to Protected Materials are necessary for purposes of preparation, trial, appeal, or settlement of this litigation;

v. a party's in-house counsel and their legal staff and employees whose access to Protected Materials are necessary for the purposes of preparation, trial, appeal, or settlement of this litigation;

vi. independent third parties, experts, and other party representatives and consultants retained or used by attorneys of record in this litigation (including service providers necessary to copy, scan, print, or reproduce documents) solely for the purposes of preparation, trial, appeal, or settlement of this litigation;

vii. named parties and employees of named parties who are working on this litigation and to whom it is necessary that Protected Materials be shown for purposes of preparation, trial, appeal, or settlement of this litigation; and,

viii. the Court and any of its staff and personnel.

c. Prior to any direct or indirect disclosure to any individual described in Paragraph 3.b.vi, that individual must agree to maintain the confidentiality of the Protected Materials by executing the attached Non-Disclosure Agreement, which prohibits further dissemination of the Protected Materials.

4. **Use of Protected Materials.**

   a. To the extent that Protected Materials were not previously in the possession of persons who acquire such Protected Materials in the course of this litigation, Protected Materials shall only be used for purposes of this litigation or any resulting appeals and shall not be used for any other purpose whatsoever.

   b. Any person who receives any Protected Materials in the course of this litigation shall:

      i. use such Protected Materials only for purposes allowed by this Order;

      ii. not disclose or discuss Protected Materials except as authorized by this Order; and,

      iii. not use Protected Materials except as necessary for the prosecution or defense of this action or as otherwise authorized by this Order.

   c. The provisions of this Protective Order, however, shall not apply to a designating party's own use of its Protected Materials.

   d. If a party wishes to submit Protected Materials to the Court as part of any motion or hearing, counsel shall seek leave of Court to redact Protected Materials or file such materials under seal using the court-authorized procedure for making such requests. This Order shall not be construed as granting permission in advance to file documents under seal or redacted.

   e. This Order does not limit or waive the right of any party to object to the scope of discovery in the above-captioned action or to the admissibility at trial of any proffered evidence, documentary or otherwise.

f. The parties may make recommendations to the Court regarding the handling of confidential materials in a hearing or trial but the presiding judge shall determine how those materials will be handled during a hearing or trial.

g. The terms of this Order do not supersede and are subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

5. **Challenging Designations**.

a. Nothing in this Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential or proprietary in nature or precludes any party from challenging the designation of testimony or material as Protected Material. To challenge a designation of Protected Material, the non-designating party must serve a written objection on counsel for the designating party. If the designating party does not agree to withdraw the designation within 10 days of its receipt of the objecting party's written objection, then the objecting party may present the dispute to the Court in the manner set forth in Local Rule 37.1.

b. Nothing herein shall be deemed to waive any applicable privilege. Neither the taking of nor the failure to take any action to challenge any designation of confidentiality per this Protective Order shall constitute a waiver of any rights, claims, defenses or privileges by any party in this action or any other action.

6. **Handling Protected Materials after Termination of Litigation.**

a. Within 60 days after the termination of this action (including any appeals), each party must:

      i.   return or destroy all Protected Materials acquired through the course of this action; and

     ii.   notify the disclosing or producing party that it has returned or destroyed all Protected Materials within the 60-day period.

   b.   Notwithstanding paragraph 6(a), each attorney may retain a copy of any Protected Materials acquired outside or previous to the course of this action, submitted to the court, and any confidential correspondence that quotes or describes a confidential document.

7. **Rule 502(d)**

Pursuant to Fed. R. Civ. P. 502(d), any document subject to the attorney-client privilege, work-product privilege, or other privilege recognized by law that is exchanged at any time between the parties in connection with this litigation shall in no way be construed as a waiver (either explicit or implicit) of any such privilege with respect to the particular document or the subject matter implicated therein.   To the extent any party receives any document that it either (a) reasonably believes may be privileged or (b) is notified by the producing party is privileged ("Inadvertently Produced Document"), then all copies of the Inadvertently Produced Document shall be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of the same shall be destroyed, and such returned or destroyed materials shall be deleted from any litigation-support or other database. Notwithstanding the immediately preceding provisions of this paragraph, a party receiving an Inadvertently Produced Document dispute the claim of privilege in the manner set forth in Local Rule 37.1.   If the receiving party elects to present the matter to the Court pursuant to

Local Rule 37.1, may retain possession of any notes or other work product of the receiving party reflecting the contents of the same pending the resolution of the motion. If the rclaim of privilege is upheld, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of an Inadvertently Produced Document during depositions or at trial, nor shall it be disclosed to anyone who was not given access to it prior to the request to return or destroy it, unless the parties agree otherwise or the Court orders that the Inadvertently Produced Document is not protected. This paragraph 7 shall survive the conclusion of the above-referenced litigation.

8. **Further Orders and Survival of Obligations.**

    a. This Order shall not be deemed to prevent any party from seeking a further protective order either more or less restrictive.

    b. This Order is subject to further orders of this Court and continues to be effective even after the conclusion of this litigation.

**IT IS SO ORDERED.**

                         /s/ Beth Phillips
                         BETH PHILLIPS, CHIEF JUDGE
Date:  May 7, 2020            UNITED STATES DISTRICT COURT